UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MYLES MARTIN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:19-cv-00278-JRS-MJD |
| RICHARD BROWN, | ) ) ) | |
| Respondent. | ) | |

**ENTRY GRANTING MOTION TO DISMISS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

On April 2, 2020, the Court found that a material factual dispute prevented immediate resolution of Myles Martin's petition for a writ of habeas corpus, which challenged his conviction in prison disciplinary proceeding WVD 19-02-0093. *See* dkt. 10. The Court ordered the respondent to notify the Court either that he wishes to proceed to an evidentiary hearing or that he has vacated Mr. Martin's disciplinary conviction and obviated the need for a hearing. *See id.* at 8.

The respondent has now notified the Court that the Indiana Department of Correction (IDOC) has vacated Mr. Martin's disciplinary conviction, rescinded his sanctions, recalculated his release date, and set the matter for rehearing. *See* dkts. 11, 11-1, 11-2. Accordingly, the respondent moves to dismiss this habeas action as moot.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th

Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

This action is now moot because WVD 19-02-0093 no longer affects the fact or duration of Mr. Martin's custody. A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 520 U.S. 1198 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

The respondent's motion to dismiss, dkt. [11], is **granted**. Mr. Martin's petition is **dismissed** for **lack of jurisdiction**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/7/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MYLES MARTIN
256682
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov